## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:11-cv-14408-KMM

GUY BUMMOLO, on behalf
of himself and all others similarly situated,

      Plaintiff,

vs.

LAW OFFICES OF CHARLES W. MCKINNON,
P.L., a Florida Professional Limited Liability
Company, and CHARLES W. MCKINNON,
individually,

      Defendants.

_____/

## ORDER CERTIFYING CLASS ACTION

THIS CAUSE came before the Court upon the Parties' Joint Motion for Class Certification (ECF No. 25). Declarations (ECF Nos. 27, 28, 29) and a Memorandum (ECF No. 26) were filed in support of the Parties' Motion. UPON CONSIDERATION of the Motion, the Declarations, the Memorandum, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND

This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff Guy Bummolo is a resident of Indian River County, Florida. Defendants are engaged in the business of collecting consumer debts by means of mail and telephone. Plaintiff alleges that on September 29, 2011, Defendants sent a letter to Plaintiff in an attempt to collect a debt purportedly owed by Plaintiff to his residential community association. According

1

to Plaintiff, this letter violated the FDCPA by misstating "the applicable legal standard with regard to the presumption of validity" and being "deceptive to the least sophisticated consumer with regard to his/her legal rights" in violation of 15 U.S.C. § 1692g. Compl., ¶ 31 (ECF No. 1). Plaintiff alleges that Defendants sent similar letters to over a hundred other Florida residents.

On August 3, 2012, the Parties filed the instant Joint Motion for Class Certification. Despite the Parties' agreement, however, this Court has an independent obligation to "conduct a rigorous analysis of the [Federal Rule of Civil Procedure] 23 prerequisites before certifying a class." Vega v. T-Mobile U.S.A., Inc., 564 F.3d 1256, 1266 (11th Cir. 2009) (citations and quotations omitted). Furthermore, this Court must also decide whether, having met these pre-requisites, the proposed class satisfies the requirements of Rule 23(b)(3).

## II. CLASS CERTIFICATION

### A. Standard of Review

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) requires a putative class to meet the requirements of numerosity, commonality, typicality, and adequacy of representation. See FED. R. CIV. P. 23(a); Vega, 564 F.3d at 1265. Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires two additional findings, specifically: "(1) that common questions of law or fact predominate over questions affecting only individual members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." Vega, 564 F.3d at 1265. While a district court must not decide the merits of the

case at the class certification stage, it "can and should consider the merits . . . to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Vega, 564 F.3d at 1266 (citations omitted).

> B. Class Definition and Standing

"Before analyzing the Rule 23(a) requirements . . . a court must determine whether the class definition is adequate." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 477 (S.D. Fla. 2006). A class should be accurately defined; certification should be denied where the class definition is "overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult." Perez v. Metabolife Int'l, Inc., 218 F.R.D. 262, 269 (S.D. Fla. 2003). Here, the requirement of an accurate class definition is satisfied: Plaintiff's class definition is concise, specific, and readily identifies individuals who comprise the putative class. Specifically, Plaintiff seeks recovery for:

> (i) all persons with addresses in the State of Florida (ii) to whom letters with the same form as Exhibit "A" were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which was not returned undeliverable by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification.

Mem. in Supp. of Joint Mot. for Class Cert., at 1. Such a group is readily identifiable.

Further, Plaintiff has adequately demonstrated that he, and each of the other members of the putative class, has standing to seek relief in this case. To have standing, a plaintiff must show (1) an "injury-in-fact," (2) a causal connection between the alleged injury and defendant's challenged action, and (3) that "the injury will be redressed by a favorable decision." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S.

555, 560–61 (1992)).  Each member of the putative class meets all three prongs.  Class members have allegedly suffered a violation of their statutory rights under the FDCPA, the violations resulted from Defendants' mailings, and class members may receive relief through a judgment in this Court.  Accordingly, Plaintiff and the putative class have standing to bring this case.

### C. Rule 23(a) Requirements

#### 1. Numerosity

Rule 23 requires a class to be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).  As a general rule, a class of less than 21 members is inadequate, and a class of more than 40 members is adequate.  See Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986); see also NEWBERG & CONTE, NEWBERG ON CLASS ACTIONS § 3.45 (4th ed. 2009) ("[A]s few as 40 class members should raise a presumption that joinder is impracticable and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone.").

In the Parties' Memorandum, Defendants represent that there are at least 100 Florida residents who received letters in the same or substantially similar form as the letters Plaintiff received during the one year period prior to the filing of the Complaint.  See Mem. in Support of Mot. for Class Cert., at 4.  This demonstrates an adequate number of plaintiffs in the putative class.  "[A] plaintiff need not show a precise number of members in the class."  Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 930 (11th Cir. 1983).  Moreover, joinder of at least 100 plaintiffs is impracticable.  Accordingly, Plaintiff has demonstrated that the Putative Class is sufficiently numerous.

### 2. Commonality

Commonality demands that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). This is a "relatively light burden" that "'does not require that all the questions of law and fact raised by the dispute be common' . . . or that the common questions of law or fact 'predominate' over individualized issues." Vega, 564 F.3d at 1268 (quoting Cox, 784 F.2d at 1557)). Rather, "at least one issue affecting all or a significant number of proposed class members" is sufficient. Fabricant v. Sears Roebuck, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Allegations of a common course of conduct by a defendant affecting all class members will satisfy the commonality requirement. See In re Terazosin Hydrochloride Antitrust Litig., 220 F.R.D. 672, 685–86 (S.D. Fla. 2004); Fabricant, 202 F.R.D. at 313; see also NEWBERG, § 3.10 at 277–78.

A common issue of law exists here. The crux of this case is whether Defendants' letters—which allegedly "incorrectly the [sic] states the presumption of validity pronounced by the FDCPA"—violated § 1692g of the FDCPA. Compl., ¶ 21. The class is limited to those Florida residents who received a letter in the same form as Plaintiff. Whether Plaintiff or other class members were actually misled by Defendants' letters has no influence on Defendants' potential liability under the FDCPA.[1] Therefore, it is likely that these issues can be resolved without individualized factual or legal inquiries and this Court finds that Plaintiff satisfies the commonality requirement.

---

[1] Whether Plaintiff or any other class members were misled by Defendants' mailings is not an element of Plaintiffs' cause of action. The relevant inquiry concerns whether the "least sophisticated consumer" would be misled by Defendants' mailings. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1174–75 (11th Cir. 1985).

### 3. Typicality

Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical . . . . [T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Vega, 564 F.3d at 1275 (citations and quotation marks omitted). Commonality and typicality are related, but "[t]raditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." Id. (citations and quotation marks omitted). Like commonality, typicality is not a demanding test. See In re Disposable Contact Lens Antitrust Litig., 170 F.R.D. 524, 532 (M.D. Fla. 1996).

The named Plaintiff's claim is typical of those of the rest of the putative class. Plaintiff received the same letter as other members of the putative class, and Plaintiff seeks relief based upon the same legal theory as the rest of the putative class. See Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984) (holding that typicality is established where "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based upon the same legal theory"). Accordingly, Plaintiff has demonstrated that the typicality requirement is met.

### 4. Adequacy

Rule 23(a)(4) requires that "representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This requirement "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and

the class; and (2) whether the representatives will adequately prosecute the action." Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1323 (11th Cir. 2008) (citation omitted).

Here, the alleged conduct toward the named Plaintiff is identical to other putative class members. Thus, no inherent conflict of interest exists. Additionally, counsel for Plaintiff has also litigated similar collective actions involving consumer rights. See Decl. of Scott D. Owens, ¶¶ 15-18; Decl. of Leo W. Desmond, ¶ 7. Accordingly, Plaintiff and Plaintiff's counsel have demonstrated that they can adequately represent the Putative Class.

D. Rule 23(b)(3) Requirements

1. Predominance

"Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004). Issues requiring generalized proof should predominate over the issues requiring individualized proof. Kerr v. City of W. Palm Beach, 875 F.2d 1546, 1558 (11th Cir. 1989). In essence, the Court must determine "whether there are common liability issues which may be resolved efficiently on a class-wide basis." Drossin v. Nat. Action Fin. Servs., Inc., 255 F.R.D. 608, 616 (S.D. Fla. 2009) (quoting Brown v. SCI Funeral Servs. of Fla., 212 F.R.D. 602, 606 (S.D. Fla. 2003)).

Here, predominance is shown by the alleged fact that Defendants engaged in a course of conduct that violates the FDCPA and the putative class members' statutory rights. Given that the putative class members received the same letters from Defendants, a general determination can be made regarding whether the FDCPA was violated. Accordingly, Plaintiff has demonstrated that questions in common predominate over individual questions.

### 2. Superiority

Rule 23(b)(3) sets out four specific considerations pertinent to determining whether a class action is superior to other forms of action:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3).

Here, this Court finds that a class action is superior to other forms of action after considering the large number of potential claims, the comparatively small statutory damages to which each individual putative class member would be entitled, the need for consistent litigation, and the doubtful benefit to the unnamed class members of controlling the litigation themselves. Additionally, the potential difficulties in managing the class are likely to be limited. Accordingly, Plaintiff has demonstrated that a class action is superior to other forms of action.

### E. Conclusion

Because Plaintiff has shown that the putative class meets all of the requirements of Rule 23(a) and Rule 23(b)(3), this Court certifies the putative class pursuant to FED. R. CIV. P. 23(b)(3).

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Parties' Joint Motion for Class Certification (ECF No. 25) is GRANTED, with the class certified as "(i) all persons with addresses in the

State of Florida (ii) to whom letters with the same form as Exhibit "A" were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which was not returned undeliverable by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification." This class is subject to decertification or adjustment as appropriate. It is further

ORDERED AND ADJUDGED that Guy Bummolo is hereby certified as class representative. It is further

ORDERED AND ADJUDGED that Scott D. Owens, Esq. and Leo W. Desmond, Esq. are hereby certified as class counsel pursuant to Fed. R. Civ. P. 23(g). It is further

ORDERED AND ADJUDGED that Class Counsel shall submit to this Court within fourteen (14) days of this Order a proposed form of notice to all putative class members. The proposed notice shall comply with the requirements set forth in Rule 23(c)(2).

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of September, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record